[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15941
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00283-CR-1-TCB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO GALLARDO-BERNAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 23, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Roberto Gallardo-Bernal appeals from his 16-month sentence, imposed after

his conviction for illegally re-entering the United States after having previously been removed from the United States, in violation of 8 U.S.C. § 1326(a). On appeal, Gallardo-Bernal argues that his sentence, which is near the low end of his guideline range, is substantively unreasonable, as it was greater than necessary to serve the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a). Specifically, he argues that this sentence was greater than necessary to serve the purposes of deterrence and of protecting the public from his future crimes. Gallardo-Bernal asserts that, because his case did not receive any media attention, the district court's decision to impose a sentence greater than the sentence he requested did not serve the purpose of deterring others from illegally re-entering the United States.

For the reasons set forth below, we affirm.

## I.

A federal grand jury indicted Gallardo-Bernal, charging him with illegally re-entering the United States after having previously been removed from the United States, in violation of 8 U.S.C. § 1326(a). Gallardo-Bernal pled guilty to the offense.

In preparing the presentence investigation report ("PSI"), the probation officer found that Gallardo-Bernal's total offense level was 10, and that his

criminal history category was IV, which resulted in a guideline range of 15 to 21 months' imprisonment. The probation officer reported that Gallardo-Bernal previously had been deported from the United States on four separate occasions. In reviewing Gallardo-Bernal's criminal history, the probation officer reported that, in 2003, Gallardo-Bernal sustained a previous conviction for illegal re-entry into the United States, for which he was sentenced to term of 15 months' imprisonment. Gallardo-Bernal had also sustained two convictions for battery, one conviction for possession of cocaine, and two convictions for driving under the influence of alcohol ("DUI"). At the time of his arrest for the present offense, Gallardo-Bernal was serving a term of probation imposed for his more recent DUI conviction.

Addressing Gallardo-Bernal's personal and family data, the probation officer reported that Gallardo-Bernal's father, who was 78 years old, still lived in Mexico, and that Gallardo-Bernal's mother had passed away during the previous year. Gallardo-Bernal had informed the probation officer that he had two herniated discs as a result of an injury that he suffered at work during 2008. Although Gallardo-Bernal was supposed to undergo surgery as a result of this injury, his incarceration had prevented him from having surgery. The parties did not file any written objections to the PSI.

3

At sentencing, the court adopted the facts and guideline applications set forth in the PSI. The parties confirmed that they had no objections to the PSI. Gallardo-Bernal requested a downward variance, pointing out that, approximately a year and a half before the sentencing hearing, he suffered a severe back injury while he was working at a construction site. He was experiencing a great deal of pain as a result of this injury, and had difficulty sitting and standing. Gallardo-Bernal expressed his concern that adequate treatment for his injury was not available to him in prison. Gallardo-Bernal also discussed the fact that, after he completes his sentence in the present case, he will be transferred into state custody in connection with a pending misdemeanor charge in Fulton County. He noted that, after this state matter is concluded, he will be transferred into the custody of U.S. Immigration and Customs Enforcement ("ICE"). Gallardo-Bernal indicated that the court should consider the high level of physical discomfort that he will endure while being held in custody in these future proceedings, and requested that the court impose a sentence of seven or eight months' imprisonment.

The court expressed sympathy for Gallardo-Bernal's injury, but stated that Gallardo-Bernal's "substantial" criminal history militated against a downward variance. Gallardo-Bernal pointed out that his mother had died approximately one year ago, and that his family members had expressed their desire for him to live

4

with his father, who had health problems and resided in Mexico. Gallardo-Bernal asserted that his family's need for him to provide care to his father would deter him from re-entering the United States. Gallardo-Bernal made a personal statement to the court, in which he apologized for his offense and noted that he was suffering from a great deal of pain due to his back injury. He explained that he had not yet received effective medical treatment for his injury.

The court sentenced Gallardo-Bernal to a term of 16 months' imprisonment, stating that, based on its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), it found that this was a reasonable sentence. The court explained that, if Gallardo-Bernal were not suffering from an injury, it would have sentenced him to a term of 21 months' imprisonment due to his previous convictions and deportations. The court asked the parties if they had any objections to the sentence, and Gallardo-Bernal objected that his sentence was unreasonable.

## II.

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Guidelines are advisory in nature, and "a sentence may be reviewed for procedural or substantive unreasonableness." *United States v. Hunt*, 459 F.3d 1180, 1181-82 & n.3 (11th Cir. 2006). The reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *United States v. Pugh*, 515 F.3d

5

1179, 1189-90 (11th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)).

"[A] sentence may be substantively unreasonable, regardless of the procedure used." *Hunt*, 459 F.3d at 1182 n.3. The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Section 3553(a) provides that district courts imposing a sentence must consider, *inter alia*:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and] (3) the kinds of sentences available.

18 U.S.C. § 3553(a)(1)-(3). The court also should consider the applicable guideline range, any pertinent policy statements promulgated by the Sentencing Commission, the need to avoid any unwarranted sentencing disparities, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(4)-(7).

"[T]here is a range of reasonable sentences from which the district court may

choose," and, where the court imposes a sentence that is within the guideline range, we ordinarily expect that sentence to be reasonable. *Talley*, 431 F.3d at 788. We do not, however, presume that a sentence within a defendant's guideline range is reasonable. *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007). A district court possesses "considerable discretion" in weighing the § 3553(a) factors, and we defer to the district court's judgment unless it made "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quotation omitted).

Here, Gallardo-Bernal has failed to meet his burden of demonstrating that his sentence is substantively unreasonable. His 16-month sentence is within his guideline range, and is far below the statutory maximum penalty of 10 years' imprisonment. 8 U.S.C. § 1326(b)(1). Moreover, the district court did not make a clear error of judgment in weighing the § 3553(a) factors. Gallardo-Bernal previously had been deported on four occasions. He already had sustained a conviction for illegally re-entering the United States, and had been sentenced to a term of 15 months' imprisonment. As a result, Gallardo-Bernal had demonstrated his disregard for U.S. immigration laws. While in the United States, Gallardo-Bernal committed crimes such as driving under the influence of alcohol, possession

7

of cocaine, and battery, and was on probation for his more recent DUI conviction at the time that he committed the present crime. As a result, there was a demonstrated need for the court to impose a substantial sentence in order to protect the public from Gallardo-Bernal's future crimes. 18 U.S.C. § 3553(a)(2)(C). Furthermore, the court considered Gallardo-Bernal's mitigating arguments, and expressly stated that, but for Gallardo-Bernal's back injury, it would have imposed a sentence at the high end of the applicable guideline range.

Although Gallardo-Bernal contends that his sentence does not serve the purpose of deterrence because his case did not receive any media attention, he does not cite to any case law in support of this argument. Moreover, for the reasons discussed above, Gallardo-Bernal has failed to demonstrate that his 16-month sentence is outside the range of reasonable sentences that a court may impose. Accordingly, Gallardo-Bernal's sentence is substantively reasonable, and does not constitute an abuse of the court's discretion.

**AFFIRMED.**